■ In the Matter of JOAN GATTO et al., Appellants, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [701 NYS2d 100] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Health, dated December 24, 1996, which, after a fair hearing, found that neither the petitioner Jeanette Cotraro, nor her husband Vincent Cotraro could deduct the taxes and maintenance on their marital premises from the payments they made for their nursing home care.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The respondent New York State Department of Health (hereinafter the NYSDOH) determined after a fair hearing that the petitioner Jeanette Cotraro, and Vincent Cotraro (hereinafter the Cotraros) could not deduct the taxes and maintenance on their marital premises from the payments they made for their nursing home care. The petitioners do not dispute that the Cotraros were required to pay all of their rental income toward the cost of their nursing home care, but argued that they could deduct the taxes and maintenance on the marital premises from the calculation of their rental

income. The NYSDOH determined at the fair hearing that the Cotraros were not responsible for paying the taxes and maintenance on the marital premises after they entered the nursing home. Therefore, those expenses could not be deducted from their rental income, and they were required to pay their entire rental income toward their nursing home care.

Contrary to the petitioners' contention, the determination was supported by substantial evidence. It is well settled that an administrative determination is supported by substantial evidence when the evidence consists of "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. Human Rights,* 45 NY2d 176, 180). There was substantial evidence at the fair hearing to support the determination that the Cotraros were not responsible for paying the taxes and maintenance on the marital premises after they entered the nursing home. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.